UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL FERROUS INTERNATIONAL, ETC. | CIVIL ACTION |
| VERSUS | NO. 03-529 c/w 03-3123 |
| M/V MEDI TRADER, ETC. , ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for a new trial filed by Western Bulk Carriers K/S ("Western Bulk"). (Rec. Doc. 112). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

Western Bulk complains of several aspects of the Court's March 29, 2007, opinion. First, it argues that its motion to bifurcate sought to bifurcate "the cargo quantum issues from the issues of responsibility between owners and charterers" and was granted. In the Court's order granting the motion, however, it found "that separating the cargo quantum claims from the issues of liability between WBC and

1

Seafarers will avoid any potential prejudice" and ordered that the "cross-claim and third-party claims against WBC will be handled separately from the claims related specifically to the cargo damage."  (Rec. Doc. 78).  Western Bulk claims prejudice in failing to present "defense witnesses regarding responsibility or liability for damage to the cargo or analysis of the terms of responsibility, obligations and effect of laws applicable to the charter parties."  (Rec. Doc. 112, p. 8).  The Court notes that this case was over three years old when the bifurcated trial was ordered and had been the subject of many delays.  It also notes that the responsibility "as between Western Bulk and Seafarers" was reserved for later determination by virtue of the bifurcation, and that this circumstance "prevents the Court from deciding, at this juncture, Western Bulk's liability for negligence, if any, towards Cargill as well as  Seafarer's liability for negligence, if any, towards Freemak or Arcelor."  (Rec. Doc. 110, pp. 3 & 27).  The Court finds that the bifurcation order issued was clear and any alleged post-trial confusion on the part of Western Bulk is belied by the record.

    Next, Western Bulk argues that the Court erred in finding only Western Bulk to be a carrier as to TradeArbed/Arcelor for the cold rolled coils and to Freemak for the pipe.  The individual charters were between TradeArbed/Arcelor/Freemak and Western Bulk; the bills of lading were not negotiated, so that Seafarers' designation as carrier on

any bill of lading had no effect.  See Steel Coils, Inc. v. M/V LAKE MARION, 331 F.3d 422, 436 (5th Cir. 2003).

Western Bulk's third argument claims error in finding that the COGSA package limitation did not apply to the TradeArbed/Arcelor shipments.  This argument is based, in part, on an erroneous assumption that the relevant charters incorporated COGSA.  They did not.[1]  The charters did contain a provision that "US Clause Paramount to be inserted in all Bills of Lading issued hereunder only."  (Exh. 6, p. 9).  The bills of lading, which were not negotiated, contain no such provision, and this clause has otherwise been deemed insufficient to incorporate COGSA into the charter itself.  (Exhs. 50, 54 & 62).  Brown & Root, Inc. v. M/V PEISANDER, 648 F.2d 416 (5th Cir. 1981).  The bills of lading do contain a "General Paramount Clause" which does not reference COGSA.  (Exhs. 50, 54 & 62).  In sum, neither the bills of lading nor the charter refer to or incorporate COGSA , and the bills of lading contain no reference to published tariffs.

Western Bulk offers insufficient authority for its proposition that these clauses sufficiently meet its initial burden of making a prima facie showing that it offered the

---

[1]  The Court's Opinion states that "The charter parties incorporate COGSA as the applicable law ..."  (Rec. Doc. 110, p. 28).  Any error attendant to this mischaracterization by the Court adds an additional reason for denying Western Bulk the COGSA per-package limitation.

shipper a "fair opportunity to avoid limitation" as required by <u>Couthino, Caro & Co. v. M/V SAVA</u>, 849 F.3d 166 (5th Cir. 1988).  The fundamental COGSA incorporation upon which the limitation was upheld in <u>M/V PEISANDER</u> is lacking here.  See <u>Associated Metals & Minerals Corp. v. S/S JASMINE</u>, 983 F.2d 410 (2nd Cir. 1993).   In addition, no showing has been made that Western Bulk otherwise provided a fair opportunity to disclose a higher value in the bills of lading.

In addition, the Court is unwilling and unable to adopt Western Bulk's argument that, despite its inability to make a prima facie showing that fair opportunity existed, "where, as here, a contract is freely negotiated between the parties, the opportunity existed."  (Rec. Doc. 128, p. 7).  The Court notes that Western Bulk is as sophisticated a party as any other herein, familiar to litigation over the "fair opportunity" issue and presumably has been made aware of the importance of the content of its papers under the law.  "Nevertheless, actual knowledge of the liability limitation is irrelevant to the Carrier's prima facie case.  Initially, the notice requirement must be satisfied solely on inspection of the bills of lading."  <u>St. Paul Fire & Marine Insurance Co. v. Thypin Steel Co., Inc.</u>, 1999 WL 639718 (S.D.N.Y.).   See also See <u>M/V LAKE MARION</u>, <u>supra</u>.

Finally, Western Bulk argues that the Court erred in holding that Western Bulk admitted liability for the damage to Freemak's pipe.  The Court stated that Western

4

Bulk did not "contest" liability for the steel coils in its Opinion and found that the evidence established that the steel pipes were loaded undamaged, unloaded damaged and were damaged by the negligence of Western Bulk in its stowage of the cargo. (Rec. Doc. 110, p. 27). Western Bulk's argument reverts to its alleged misreading of the bifurcation order, which has been previously considered and rejected by the Court.

Accordingly,

IT IS ORDERED that the motion for a new trial filed by Western Bulk Carriers K/S is DENIED. (Rec. Doc. 112).

New Orleans, Louisiana, this 1st day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE